## COMMONWEALTH *versus* DAVID PARMENTER.

Indictment for forging a promissory note according to the "*purport and effect* follow-ing, *I promise*" &c. instead of *I promised*. *Held* an immaterial variance.

The fact of forging a note within a county cannot be inferred from its having been uttered therein.

INDICTMENT for forging a promissory note according to the " purport and effect following, &c., I *promise* " &c. The evidence was of a note written, *I promised* &c., and this was ι ι, cted to, at the trial, as a variance ; but the objection was overruled.

It was also objected that there was no proof that the for-gery was committed within the county of Worcester, or even witnin the commonwealth, the note bearing date *Providence*, 7*th August*, 1825, and there being no evidence of the fact, other than that the note was uttered in Worcester in January 1827. But the jury were instructed that they might infer the fact of forgery within the county, from the fact of the note's having been uttered therein.

If this direction was wrong, or if the variance above men tioned was material, the verdict was to be set aside.

*Oct.* 3*d.*     *Goodwin* and *Allen*, for the defendant, referred, on the point of variance, to 2 Russell on Crimes, 1481, 1482, and the authorities there cited ; and on the other point, to the same book, *p.* 1499.

*Davis* (Sol. Gen.) for the commonwealth.

*Oct.* 5*th.*     *Per Curiam.* As the indictment sets out the note accord-ing to its *purport and effect*, and not according to its *tenor*, we think the variance is not material. *I promised* would be construed to mean *I promise*.[1]

But it was not sufficiently proved that the offence was committed in the county of Worcester. The evidence was only that the note was here uttered. It is clear from authori-ty, that the offence of forging in the county cannot be inferred from the fact of uttering and publishing in the county.[2]

*Verdict set aside.*

---

[1] See 3 Chitty on Crim. Law, (3d Amer. ed.) 1039, 1040, and notes.
[2] See 1 Chitty on Crim. Law, (3d Amer. ed.) 190; 3 id. 1039, and notes

---

*United States* v. *Britton,* 2 Mason, 464; *Spencer* v. *Commonwealth,* 2 Leigh,
751; 2 Russell on Crimes, (3d Amer. ed.) 371 to 374.